## Lee Pringle v. The State.

ARRAIGNMENT AND PLEA.—In the absence of anything in the record of a capital case to show that the accused was either arraigned, or that he pleaded to the indictment, the judgment of conviction will be reversed and the cause remanded. The cases of *Early* v. *The State*, 1 Texas Ct. of App. 248; *Smith* v. *The State*, 1 Texas Ct. of App. 408; and *Lister* v. *The State*, 1 Texas Ct. of App. 739, cited with approval.

APPEAL from the District Court of Red River. Tried below before the Hon. B. T. ESTES.

The indictment charged George Frazier and the appellant with the murder of Clint Hunter, on June 24, 1874. The deceased was found by the roadside mortally wounded by gun shot. His dying declarations designated Frazier and

the appellant as the perpetrators. The parties were all freedmen. Frazier obtained a severance. The jury found the appellant guilty of murder in the second degree, and allowed him seven years of the penitentiary.

*M. George,* and *Hale, Scott & Taylor,* for the appellant.

*H. H. Boone,* Attorney General, for the State.

ECTOR, P. J. The record fails to show that the accused was arraigned, or that he pleaded to the indictment. In the absence of anything in the transcript to show either arraignment or plea, the judgment will be reversed. Mr. Wharton says : " The right of arraignment on a criminal trial may, in some cases, be waived, but a plea is always essential. The court cannot supply an issue after verdict, where there has been neither arraignment nor plea, notwithstanding that the defendant consented to go to trial." 1 Whart. Cr. Law, sec. 531.

Paschal's Digest, Article 2981, Code of Criminal Procedure, provides that " judgment shall in no case be given against the defendant when his motion, exception, or plea is overruled, but he shall, in all criminal cases, be allowed to plead not guilty. If he refuses to plead, it shall be considered as if the plea were offered, and be noted accordingly."

This is not the first time that this question has been before this court. See the opinion of the court in the case of *Early* v. *The State,* 1 Texas Ct. of App. 248 ; also the case of *Smith* v. *The State,* 1 Texas Ct. of App. 408 ; and also the case of *Lister* v. *The State,* 1 Texas Ct. of App. 739.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*